UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FAITH AMEST** | * | **DOCKET NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **ACE AMERICAN INSURANCE** | * | **MAGISTRATE** |
| **COMPANY, NEW PRIME, INC., and** | * | |
| **CHARLES CARPENTER** | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT,
       MIDDLE DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Ace American Insurance Company and New Prime, Inc., through their undersigned counsel, hereby remove the above-captioned action from the Eighteenth Judicial District Court for the Parish of Point Coupee, State of Louisiana to the United States District Court for the Middle District of Louisiana, and state as follows:

1.

On June 15, 2020, Faith Amest initiated this action against RaceTrac styled *Faith Amest v. Ace American Insurance Company, New Prime, Inc., and Charles Carpenter*, Docket No. 49810D, in the Eighteenth Judicial District Court for the Parish of Point Coupee, State of Louisiana. A copy of all process, pleadings, and orders issued in state court are attached, *in globo*, as Exhibit A to this Notice of Removal.

2.

As will be shown more fully below, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all defendants and the plaintiff, and the amount in controversy, exclusive of interest and costs, exceeds

$75,000.00. Thus, this action may be removed to this Court by Ace American Insurance Company and New Prime, Inc. pursuant to 28 U.S.C. § 1441.

**I.     Removal is Proper Because Complete Diversity of Citizenship Exists.**

3.

A civil action is removable on the basis of diversity jurisdiction if there is complete diversity between the parties and none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]

4.

According to her Petition, Faith Amest, both at the time she commenced the state court action and at present, is an individual of the age of majority domiciled in the State of Louisiana.[2] Amest is therefore a citizen of Louisiana for diversity purposes.

5.

Charles Carpenter is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana. Carpenter is, and was at the time this action was commenced, an individual domiciled in Mississippi.[3] Carpenter is therefore a citizen of Mississippi for diversity purposes.

6.

New Prime, Inc. is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana. New Prime is, and was at the time this action was commenced, a corporation organized under the laws of the State of Nebraska with its principal place of business

---

[1] *See* 28 U.S.C. § 1441(b).
[2] *See* Ex. A, Petition for Damages, Introductory Paragraph.
[3] *Id.* at ¶ 1.

in the State of Missouri. Therefore, New Prime is a citizen of both Nebraska and Missouri for purposes of determining diversity.[4]

7.

Ace American Insurance Company is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana. Ace is, and was at the time this action was commenced, a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania. Therefore, Ace is a citizen of Pennsylvania for purposes of determining diversity.[5]

8.

Accordingly, and pursuant to 28 U.S.C. § 1332, Plaintiff has diverse state citizenship from all defendants. Further, no party properly joined and served as a defendant is a citizen of Louisiana, the state in which this action was originally brought.[6] Thus, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

**II.     Removal is Proper Because Plaintiff's Claims Exceed the Jurisdictional Amount of this Court.**

9.

In the State Court Petition, Amest alleged that on June 24, 2019, she was injured when her car was stricken by debris that had been launched into the air when a tractor-trailer driven by Carpenter hit a guardrail.[7] As a result of this accident, she claims she sustained unspecified

---

[4] *See* 28 U.S.C. § 1332(c)(1).
[5] *Id.*
[6] 28 U.S.C. § 1441(b).
[7] Ex. A, Petition for Damages, ¶ 3-6.

injuries.[8] Consistent with Louisiana law,[9] Amest did not allege a specific monetary amount of damages.[10]

10.

When a plaintiff does not allege a specific amount of damages, the Federal Court of Appeals for the Fifth Circuit has established a "clear analytical framework for resolving disputes concerning the amount in controversy."[11] "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[12] The defendant may make this showing in two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[13]

11.

It is not facially apparent from Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.00. The Petition contains broad allegations of unspecified injuries and damages, which do not demonstrate that it is "facially apparent" that the amount in controversy exceeds $75,000.[14]

---

[8] *Id.* at ¶ 7.
[9] La. Code Civ. Proc. art. 893(A)(1).
[10] Ex. A, Petition for Damages, ¶ 9.
[11] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[12] *Id.* at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)).
[13] *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (emphasis in original).
[14] *Davis v. JK & T Wings, Inc.*, CA No. 11-501-BAJ, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (Dalby, M.J.), report and recommendation adopted, CA No. 11-501-BAJ, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (Jackson, C.J.) ("Courts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.").

12.

On September 23, 2020, Defendants received Plaintiff's Responses to their Requests for Admission, in which Plaintiff admitted that she is seeking more than $75,000 in damages, exclusive of interest and costs.[15] Plaintiff's admission demonstrates that the amount in controversy exceeds $75,000.

13.

Further, nowhere in Plaintiff's Petition does she allege that the amount in controversy is less than $75,000.00.[16] While not determinative, the absence of such an allegation is another factor indicative of the amount in controversy.[17]

14.

As shown above, the parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00. Therefore, under Fifth Circuit precedent, federal diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1441(a).

**III.    Removal is Timely and Otherwise Procedurally Proper.**

15.

This Notice of Removal is being filed within thirty (30) days after receipt by Ace and New Prime of an "other paper" (i.e., Plaintiff's Responses to Defendants' Requests for Admission) from which it could first be ascertained that the case is one which is or has become removable in accordance with 28 U.S.C. § 1446(b)(3).

---

[15] Exhibit B, Plaintiff's Responses to Requests for Admission.
[16] *See* La. Code Civ. Proc. art. 893(A)(1).
[17] *Mach. Paver Sales, Inc. v. Bomag Americas, Inc.*, No. CIV. A. 06-697-D-M3, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) (Brady, J.).

16.

The United States District Court for the Middle District of Louisiana embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 98(a) and 1441(a).

17.

All defendants properly joined and served—Ace and New Prime—have joined in this Notice of Removal. At this time, Charles Carpenter has not been properly served with Plaintiff's Petition for Damages; therefore, his consent is not required for Ace and New Prime to remove the action to this Court. 28 U.S.C. § 1446(b)(2)(A).

18.

Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached as Exhibit A.

19.

A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed in the Eighteenth Judicial District Court for the Parish of Point Coupee, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[18]

20.

No previous application has been made for the relief requested herein.

WHEREFORE, Defendants, Ace American Insurance Company and New Prime, Inc., respectfully request that the above-captioned action pending against them in the Eighteenth Judicial District Court for the Parish of Point Coupee, State of Louisiana be removed to the United States District Court for the Middle District of Louisiana.

---

[18] Exhibit C, State Court Notice of Filing of Removal.

Respectfully submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

*/s/ Matthew W. Bailey*
MATTHEW W. BAILEY (#21459)
SHANNON M. JAECKEL (#37738)
HILLARY A. BROUILLETTE (#38143)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Telephone: (225) 615-7150
Facsimile: (504) 310-2101
mbailey@irwinllc.com
sjaeckel@irwinllc.com
hbrouillette@irwinllc.com

*Counsel for Defendants Ace American Insurance Company and New Prime, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, on the 23rd day of October, 2020, caused a copy of the foregoing to be filed electronically and served on all counsel of record via email, facsimile, or U.S. Mail. Notice of this filing will also be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/    Matthew W. Bailey*